James H. **GADDY**

v.

Leland Q. **LINAHAN**, Jr.

Civ. No. C82–199.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 13, 1983.

William O. Miller, Atlanta, Ga., for plaintiff.

Virginia Jeffries, Jane Simon, State Atty.'s Office, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This case is before the Court on Petitioner's Notice of Appeal and Application for Certificate of Probable Cause, filed September 1, 1983, in which he seeks (1) leave to proceed in forma pauperis on appeal, and (2) issuance of a certificate of probable cause, pursuant to Rule 22(b), Federal Rules of Appellate Procedure.[1]

■ The motion for leave to proceed in forma pauperis on appeal is hereby GRANTED. Mr. Gaddy is indigent; the action is not frivolous or malicious and the Court cannot certify that an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a), (d).

The Court is unable, however, to grant Petitioner's request for issuance of a certificate of probable cause. The United States Supreme Court has made it clear recently that in habeas cases, probable cause means something more than absence of frivolity and existence of good faith in prosecuting the appeal. *Barefoot v. Estelle,* —— U.S. ——, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). Rather, *Barefoot* requires that a certificate of probable cause be issued only where Petitioner has made a "substantial showing of the denial of [a] federal right." *Id.* Such a showing is made where Petitioner indicates to the Court that the questions are " 'adequate to deserve encouragement to proceed further.' " 103 S.Ct. at 3394 n. 4.

■ Mr. Gaddy's application for issuance of a certificate of probable cause does not tell this Court why he feels the referenced standard has been met. Furthermore, the Court is unable *sua sponte* to identify any issue in this case which merits issuance of a certificate of probable cause. In so stating, the Court is aware that Petitioner's attack on the voluntariness of his guilty plea is centered around an admitted failure of the trial judge to inquire further of him when, at the plea hearing, Mr. Gaddy answered affirmatively to the question whether he had taken any drugs that morning. However, there was lengthy colloquy between the trial judge, Petitioner, and Petitioner's lawyer before the trial judge made his determination that the plea was tendered freely and voluntarily. Also, there was a comprehensive factual hearing before the state habeas court which reached the same conclusion. Inasmuch as the determination of voluntariness is essentially factual in this case, and no showing has been made that the state court findings are not entitled to a presumption of correctness, the Court does not believe issuance of a certificate of probable cause is warranted.

Accordingly, Petitioner's request for leave to proceed in forma pauperis on appeal is hereby GRANTED. Petitioner's application for a certificate of probable cause is hereby DENIED.

---

1. Petitioner's Notice of Appeal and Application for Certificate of Probable Cause references an apparent appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, although the file does not clearly reflect such an appointment. *See* Magistrate Feldman's Order of June 14, 1982. However, the question of whether or not counsel is proceeding under the provisions of the Criminal Justice Act is irrelevant to the issues addressed in this Order. *See* 18 U.S.C. § 3006A(d)(6).